UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

SCAL MAZARA,

                      Defendant.
-----------------------------------------------------------------X

**For Online Publication Only**

**ORDER**
10-CR-281(JMA)

FILED
CLERK

2:00 pm, Jan 10, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

Defendant Scal Mazara ("Defendant" or "Mazara") has petitioned this Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. See Motion to Vacate, ECF No. 497, Supplemental Motion ("Def. Supp. Mem."), ECF No. 569 (collectively, the "Petition"). For the reasons set forth below, the Petition is DENIED.

## I. BACKGROUND[1]

### A. Plea and Sentencing

On August 5, 2010, Defendant appeared before Magistrate Judge A. Kathleen Tomlinson and entered a guilty plea to Count Twenty-One of the first superseding indictment—namely, being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Minute Entry, ECF No. 116; 8/5/2011 Transcript ("Plea Tr. 1"), ECF No. 192. The plea agreement contained Defendant's waiver of any challenge to his sentence or conviction on appeal or by collateral attack if the sentence imposed was fifty-one (51) months or less. Plea Tr. 1 at 8:24-9:3.

After another superseding indictment was handed up, Defendant entered into a second plea agreement. On April 20, 2011, Defendant entered a guilty plea before Magistrate Judge Arlene R.

---

[1] Only background facts relevant to determination of the pending Petition are set forth herein.

Lindsay[2] to Count Two of the third superseding indictment—conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) ("Hobbs Act conspiracy"). Defendant also pled guilty to a lesser included offense within Count Four of the third superseding indictment—namely, possession of a firearm during a crime of violence in violation of § 924(c)(1)(A)(i) ("Section 924(c)").[3] See Minute Entry, ECF No. 259; 4/20/11 Transcript ("Plea Tr. 2"), ECF No. 260.

Defendant's second plea agreement also contained a waiver that precluded him from challenging, on direct appeal or through a § 2255 petition, his conviction or sentence if he received a sentence of 117 months or less.[4] At the plea hearing, Magistrate Judge Lindsay confirmed the terms of the plea agreement with Defendant regarding the waiver of his right to appeal or challenge his conviction if the sentence was one hundred seventeen (117) months or less. See Plea Tr. at 11:4–21; 12:12-15; 12:18-22; 15:2–6.

On December 13, 2011, District Judge Sandra J. Feuerstein sentenced Defendant to fifty-seven (57) months on Count Twenty-One, fifty-seven (57) months on Count Two to be served concurrently with the sentence on Count Twenty-One, and sixty (60) months on Count Four to be served consecutively to the concurrent terms for Count Twenty-One and Count Two. Minute Entry, ECF No. 321; see also Judgment, ECF No. 326. The Court further imposed terms of supervised release on each count: three (3) years each for Count Twenty-Two and Count Two, and five (5) years on Count Four.

---

[2] Although the docket text for this proceeding indicates that it was held before District Judge Sandra J. Feuerstein, the attached Minute Entry and the transcript clearly shows that Magistrate Judge Lindsay conducted the plea proceeding.

[3] The third superseding indictment identified both conspiracy to commit Hobbs Act Robbery and attempted Hobbs Act Robbery as the predicate offenses for the Section 924(c) charge.

[4] A copy of Defendant's plea agreement was included as part of the record on Defendant's direct appeal. See 12-cr-3330 (2d Cir.), Document 12.

Defendant appealed his sentence and conviction. Upon the Government's motion to dismiss the appeal as barred by the waiver contained in the plea agreement, the Second Circuit, inter alia, granted the Government's motion to dismiss with respect to Defendant's appeal of his conviction and term of imprisonment. Mandate of 4/11/13, ECF No. 446.

**B. Collateral Attacks**

On June 20, 2016, the Federal Defenders of New York filed a "placeholder" motion on Defendant's behalf, under Administrative Order 2016-05 of the Eastern District of New York, seeking vacatur of Defendant's conviction on Count Four, the Section 924(c) count. See Letter, ECF No. 497. Defendant argued that the residual clause in Section 924(c)(3)(B) is unconstitutionally vague as it uses identical language to the residual clause stricken by the Supreme Court in Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Defendant asserted that Hobbs Act conspiracy is not a crime of violence and that, as such, his Section 924(c) conviction must be vacated and dismissed. Briefing on the motion was stayed, at Defendant's request, pending the determination of other relevant cases making their way through the courts. See Elec. Orders of 10/11/216, 10/13/18.

In June 2018, while briefing on the Petition was stayed, Mazara, acting pro se, moved before the Second Circuit for leave to file a successive or second § 2255 motion. See Certified Order, ECF No. 560, attaching Defendant's motion. This motion was premised on an intervening change in the law arising from the Supreme Court's decision in Sessions v. Dimaya, -- U.S. --, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018). The Second Circuit denied Mazara's motion as unnecessary because the first petition was still pending in this Court, and transferred the proceeding for this Court to "determine, in the first instance, whether Petitioner's present papers should be treated as

3

a motion to amend his first § 2255 motion." See Certified Order. The Second Circuit subsequently terminated the stay. Id.; see also Mandate of 4/8/19, ECF No. 561.

After Judge Feuerstein ordered completion of briefing of the motion, both Defendant and the Government filed supplemental submissions addressing the Supreme Court's decision in United States v. Davis, -- U.S.--, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019), which held that Section 924(c)'s residual clause is unconstitutional. See ECF Nos. 569, 580, 590. After Davis, both conspiracy to commit Hobbs Act Robbery and attempt to commit Hobbs Act Robbery no longer qualify as predicate offenses for a 924(c) conviction. See United States v. Taylor, 213 L. Ed. 2d 349, 142 S. Ct. 2015, 2025 (2022) (attempted Hobbs Act Robbery); United States v. Eldridge, 2 F.4th 27, 36 (2d Cir. 2021) (conspiracy to commit Hobbs Act Robbery), cert. granted, judgment vacated, 213 L. Ed. 2d 1087, 142 S. Ct. 2863 (2022).

## II.  DISCUSSION

### A. Section 2255 Standard and the Parties' Arguments

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To merit relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citation omitted). The petitioner must also show that the constitutional error had "substantial and injurious effect" that caused "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710,

123 L. Ed. 2d 353 (1993) (internal quotation marks and citation omitted). Moreover, to "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) ("Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack" (internal quotation marks and citation omitted)).

Defendant challenges the conviction on Count Four, arguing that the Hobbs Act conspiracy count may not be used as a predicate for a conviction under Section 924 (c). Def. Supp. Mem. at 1 (citing United States v. Davis, -- U.S.--, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019)). The Government argues that (1) Defendant waived his right to bring a Section 2255 petition in the plea agreement; and (2) his petition should also be denied because his plea allocution established that he also committed attempted Hobbs Act Robbery.

As explained below, the Court finds that the collateral attack waiver in Defendant's plea agreement precludes a challenge to his conviction under Davis.[5]

**B. Amendment of the Petition**

Before addressing the merits of Defendant's Petition, this Court will first address whether Defendant's motion to file a successive § 2255 motion directed to the Second Circuit should be treated as a motion to amend. See Whab v. United States, 408 F.3d 116, 119 (2d Cir. 2005). As Defendant's original § 2255 motion is still pending in the district court, his request is properly treated as a motion to amend the prior petition.

---

[5] Because the Court finds that that Defendant's collateral attack waiver is enforceable, it is unnecessary to address the Government's alternative argument. The Court, however, notes that, in June 2022, the Supreme Court held in Taylor that attempted Hobbs Act Robbery does not constitute a crime of violence under Section 924(c)'s elements clause.

5

The Government asserts that this motion to amend "was effectively rendered moot" by the Davis decision. Govt. Resp. at 3 n.1. The Court agrees that Defendant's additional arguments based on Dimaya are ultimately of limited value in light of Davis, which addresses Section 924(c)(3)(B) and is therefore directly on point. Nevertheless, the Court will, in an abundance of caution, grant the motion to amend the petition. Accordingly, the Court will consider Defendant's submission and arguments presented to the Second Circuit as part of his § 2255 motion.

## C.  Waiver

"Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). Waivers are found to be unenforceable "only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." Id. (internal quotation marks and citation omitted). The Second Circuit has also generally stated that waivers may be voided where there has been "[a] violation of a fundamental right," such, for example, where "the sentence imposed was based on unconstitutional factors." United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) (enforcing appeal waiver).

The Government argues that Defendant's motion is barred by the collateral attack waiver in the Plea Agreement, contending that it would be "patently unfair to allow the petitioner to retain the benefit of his negotiated plea agreement." Govt. Resp. at 4-5. Mazara does not suggest that

6

the waiver was not knowing or voluntary.[6] Instead, he maintains that he has a "due process right to challenge a conviction and punishment under 924(c)," which "renders the appeal waiver unenforceable." Def. Supp. Mem. at 2.

The Second Circuit has held that collateral attack waivers preclude challenges to <u>sentences</u> based on <u>Johnson</u>. See <u>Sanford v. United States</u>, 841 F.3d 578, 580 (2d Cir. 2016). In <u>Sanford</u>, the Second Circuit explained that "a defendant's 'inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver" and that "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" <u>Id.</u> (alterations in original) (quoting <u>United States v. Lee</u>, 523 F.3d 104, 107 (2d Cir. 2008); <u>United States v. Morgan</u>, 406 F.3d 135, 137 (2d Cir. 2005)).

The Second Circuit, however, has not ruled on whether a plea agreement that waives appeal and collateral attacks is enforceable where a petitioner raises a <u>Davis</u> challenge to a Section 924(c) <u>conviction</u>.

District courts in the Second Circuit are divided over whether collateral attack waivers preclude challenges to convictions based on <u>Davis</u> and <u>Johnson</u>. Some district courts have enforced collateral attack waivers and dismissed challenges to Section 924(c) convictions under <u>Davis</u> and <u>Johnson</u> based on such waivers. See <u>United States v. Welch</u>, No. 17-CR-126, 2020 WL 6200168, at *3 (E.D.N.Y. Oct. 22, 2020); <u>Elliott v. United States</u>, No. 17-CR-128, 2019 WL 6467718, at *2 (E.D.N.Y. Dec. 2, 2019), <u>reconsid. denied</u>, 2020 WL 127640 (E.D.N.Y. Jan. 10, 2020); <u>Rodney v. United States</u>, No. 11-CR-00303-3, 2019 WL 2571150, at *2 (E.D.N.Y. June

---

[6] Despite Defendant's failure to raise the issue, the Court has reviewed the record and is satisfied that there is no basis to determine that the plea agreement was not knowing or voluntary. During the plea hearing, Mazara acknowledged, under oath, that his right to challenge his sentence and conviction would be waived if the sentence imposed upon him was 117 months or less. *See* Plea Tr. 2 at 11:15-21; 12:11-23. He further acknowledged that he had read the plea agreement and reviewed it with counsel. <u>Id</u>. at 15:20-4.

7

20, 2019); Richardson v. United States, No. 3:19-cv-01499, 2021 WL 736416, at *11 n.9 (D. Conn. Feb. 25, 2021).

Other district courts have refused to enforce such waivers where a defendant challenges a Section 924(c) conviction under Davis. See, e.g., United States v. McCarron, No. 15-CR-257, 2020 WL 2572197, at *3 (E.D.N.Y. May 20, 2020) (finding waiver unenforceable because "[i]n the Court's view, in light of Davis . . ., the Defendant's sentence is based on constitutionally impermissible factors, namely, a conviction under an unconstitutional statute"); Bonilla v. United States, No. 07-CR-0097, 2020 WL 489573, at *2-3 (E.D.N.Y. Jan. 29, 2020) (distinguishing Sanford, and finding that a waiver of appealability is not enforceable where the conviction is "under a statute that is unconstitutionally vague as ruled by the Supreme Court in an opinion with retroactive application"); see also Scalisi v. United States, No. 10-CR-0046, 2022 WL 4058946, at *4 (E.D.N.Y. Sept. 2, 2022) (collecting cases).

Although the petitioner in Sanford only sought vacatur of his sentence under Johnson, the Court did not indicate that its reliance on a voluntary and knowing waiver to bar that challenge was limited to challenges to sentences. To the contrary, it cited, without limitation, prior case law for the proposition that "[a] defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford, 841 F.3d at 580 (citing United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000) (additional citations omitted)).

This Court concludes that Mazara's collateral attack waiver precludes a Davis challenge to his Section 924(c) conviction. This conclusion is supported by both Sanford and the district court decisions cited above that found such waivers barred challenges to convictions.

This Court's conclusion is also buttressed by decisions from multiple circuits that have enforced collateral attack waivers to bar challenges to convictions based on Davis. See United

8

States v. Summers, No. 22-4168, 2022 WL 4463106, at *1 (4th Cir. Sept. 26, 2022); Portis v. United States, 33 F.4th 331, 334 (6th Cir. 2022); United States v. Moore, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022); United States v. Goodall, 21 F.4th 555, 557 (9th Cir. 2021), cert. denied, 212 L. Ed. 2d 616, 142 S. Ct. 2666 (2022); King v. United States, 41 F.4th 1363, 1365 (11th Cir. 2022).

Additionally, five justices of the Supreme Court—in a recent opinion denying a writ of certiorari—agreed that collateral attack waivers bar challenges to convictions based on Davis. See Grzegorczyk v. United States, 213 L. Ed. 2d 1128, 142 S. Ct. 2580 (2022) (finding that "the Seventh Circuit correctly concluded that the defendant's unconditional guilty plea precluded any argument based on the new caselaw" where the predicate crime of violence for the defendant's Section 924(c) conviction was Murder-For-Hire based on his solicitation of undercover law enforcement agents as part of an unsuccessful attempt to murder his wife); see also Grzegorczyk v. United States, No. 18-3340, 2021 WL 1916496 (7th Cir. May 13, 2021) (decision below discussing the defendant's appeal waiver). Notably, in United States v. Caldwell, 38 F.4th 1161, 1162 (5th Cir. 2022), the Fifth Circuit relied on the opinion in Grzegorczyk in finding that the defendant's challenge to his Section 924(c) conviction was precluded by the collateral attack waiver in his plea agreement.

Grzegorczyk further supports the Court's decision to enforce Mazara's collateral attack waiver here. As Mazara's collateral attack waiver is enforceable, his § 2255 petition must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, Defendant's Petition, ECF No. 497, is DENIED.  The Clerk of the Court is respectfully directed to close the corresponding civil case, No. 16-cv-3488, and is further directed to terminate ECF No. 569, which, while docketed as a "Supplemental Motion," is in actuality a supplemental memorandum of law.

The Court declines to issue a certificate of appealability because Defendant has not made a substantial showing that he was denied a constitutional right.  See 28 U.S.C. § 2253(c)(2).

**SO ORDERED**.

Dated: Central Islip, New York  
      January 10, 2023

          /s/ (JMA)  
JOAN M. AZRACK  
United States District Judge